UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PENN-STAR INSURANCE COMPANY, *et al.*,<br><br>Defendants. | Case No. 1:23-cv-01528-JLT-CDB<br><br>ORDER GRANTING DEFENDANT'S REQUEST FOR LEAVE TO FILE SUR-REPLY<br><br>(Docs. 42, 43)<br><br>**2-DAY DEADLINE**<br><br>ORDER VACATING MOTION HEARING |

### Background

Plaintiff Nationwide Agribusiness Insurance Company ("Plaintiff") initiated this action with the filing of a complaint on October 11, 2023, against Defendants Penn-Star Insurance Company ("Penn-Star") and Grimmway Enterprises, Inc., doing business as Grimmway Farms ("Grimmway") (collectively, "Defendants") in the Superior Court of California, County of Kern, Case No. BCV-23-103412. (Doc. 1-1). The action was initially removed to this Court on October 26, 2023. (Doc. 1).

On September 26, 2024, the Court granted Plaintiff's motion to remand and remanded the case to state court. (Doc. 30). Defendants thereafter removed the case back to this Court pursuant to the "bad faith" exception to the one-year rule of 28 U.S.C. § 1441(b) and 1446(c)(1) on May 28, 2025. (Doc. 31). On June 27, 2025, Plaintiff filed a motion to remand and a request

1   for judicial notice.  (Docs. 34, 35).  Penn-Star filed an opposition on July 18, 2025 (Docs. 39, 40),
2   and Plaintiff filed a reply on July 30, 2025 (Doc. 41).

3   Pending before the Court is Penn-Star's request for leave to file a sur-reply and the
4   accompanying declaration of counsel in support, filed August 1, 2025.  (Docs. 42, 43).

**Discussion**

In general, parties do not have the right to file sur-replies.  *See* Local Rule 230(m).  Courts generally view motions for leave to file a sur-reply with disfavor.  *See Imber v. Lackey*, No. 1:22-CV-00004-DAD-HBK, 2022 WL 3648061, at *1 (E.D. Cal. Aug. 24, 2022) (citing *Hill v. England*, No. CVF05869RECTAG, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005)).  However, district courts have the discretion to grant or deny leave to file a sur-reply.  *See U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009).  "'Although the [c]ourt may in its discretion permit the filing of a sur[-]reply, this discretion should be exercised in favor of allowing a sur[-]reply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.'"  *Warren v. City of Chico*, No. 2:21-CV-00640-DAD-DMC, 2024 WL 4803960, at *1 (E.D. Cal. Nov. 15, 2024) (quoting *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005)).

In its request, Penn-Star seeks to file four new items of evidence and a six-page brief.  *See* (Doc. 42).  Penn-Star asserts that this evidence relates to two points raised in its notice of removal: 1) whether the removal on May 28, 2025, was timely; and 2) whether Grimmway should be realigned as a co-plaintiff.  (Doc. 42 at 2).  Penn-Star provides that good cause exists here because the new evidence was obtained on July 24 and 29, 2025, after the July 18, 2025, deadline to oppose the motion to remand.  Penn-Star further states that it did not file this evidence before Plaintiff's reply brief to "avoid an appearance of gamesmanship by doing so only one day before Nationwide's reply was due."  *Id.*  Penn-Star states that any unfairness would be mitigated by the Court's permitting Plaintiff to file a sur-reply opposition.  *Id.* at 3.

In the accompanying declaration in support, counsel for Penn-Star Daniel N. Katibah provides a timeline of events.  In brief, counsel declares that Penn-Star's "proposed sur-reply addresses the documents Nationwide produced in response to Penn-Star's twenty-seventh

2

document request," drafted by counsel and served on June 24, 2025, which sought Plaintiff's record of correspondence about this action with former defendant Nereo-Penaloza Herrera. (Doc. 43 ¶¶ 3-4). Penn-Star propounded a similar request on Plaintiff in state court in March 2025, seeking correspondence with Grimmway. Counsel did not include a request for correspondence with Herrera at that time because Plaintiff had dismissed Herrera from that action in January 2024 without Herrera having appeared. *Id.* ¶ 5.

Plaintiff served documents responsive to the March 2025 request on May 16, 2025, containing evidence that "prompted Penn-Star to remove the case to this court," with removal filed on May 28, 2025. *Id.* ¶ 6. Counsel states that Penn-Star, thus, could not "reasonably have propounded its subsequent requests seeking Plaintiff's correspondence with Herrera until after it had removed the case," due to the 30-day deadline for removal upon receipt of a document from which it may be ascertained the case has become removable, in addition to the 30-day response deadline for Plaintiff to respond to discovery requests. *Id.* ¶¶ 6-7 (citing 8 U.S.C. § 1446(b)(3); *Laurelwood Cleaners, LLC v. American Express Co.*, 2020 WL 5291015 * 2, fn. 1 (C.D. Cal. 2020)).

Counsel declares that, after reviewing Plaintiff's discovery responses regarding correspondence with Grimmway, he assessed that Plaintiff likely had also engaged in out-of-court correspondence with Herrera concerning this action. Counsel did not propound related discovery immediately upon removal as the evidence's "impact largely went to threshold questions of removability and remand" and, if Plaintiff did not move to remand within 30 days of removal, Penn-Star "would have no good reason to seek Nationwide's correspondence with Herrera about this lawsuit." *Id.* ¶¶ 8-9. Once informed by counsel for Plaintiff that they would seek remand, counsels had a call on June 23, 2025, concerning the remand motion, after which Penn-Star served the document requests seeking correspondence between Plaintiff and Herrera the next day. *Id.* ¶¶ 10.

Counsel attaches seven exhibits to his declaration, consisting of the June 24, 2025, discovery requests (*id.*, Ex. A), Plaintiff's July 24, 2025, responses (*id.*, Ex. B), Plaintiff's service email from that same day (*id.*, Ex. C), nine total pages from Plaintiff's July 24, 2025, document

3

production relating to correspondence between Plaintiff and Herrera (*id.*, Ex. D, E, F), and excerpts from the deposition of James Weihe, a former employee of Grimmway (*id.*, Ex. G). Counsel represents that he had originally subpoenaed Weihe for the deposition to occur on July 16, 2025, prior to the deadline for Penn-Star's opposition to the motion to remand, but Weihe was unavailable and the deposition was conducted on July 24, 2025. *Id.* ¶ 14.

In light of the representations of counsel concerning the timeline for discovery potentially relevant to the issue of remand, as well as Penn-Star attaching the proposed sur-reply numbering no more than six pages, the Court in its discretion will grant Penn-Star's request for leave to file a sur-reply. *See Imber*, 2022 WL 3648061, at *1 ("Based upon Imber's representation that the surreply will address only the new arguments raised in the reply and be limited to four pages, the Court will exercise its discretion and permit Imber to file a surreply."). The Court will, correspondingly, grant Plaintiff leave to file a sur-reply opposition. Further, in light of the extensions, the Court will vacate the currently noticed motion hearing, to be reset by the presiding district judge as necessary. *See* Local Rule 230(g).

The Court admonishes the parties that it is unlikely to grant any further requests for additional briefing absent a showing of manifest injustice. *See Warren*, 2024 WL 4803960, at *2 (declining to provide permission to file reply to sur-reply and noting such requests would "encourage an endless volley of briefs") (quoting *Garrison v. Ne. Ga. Med. Ctr.*, 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999)).

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED:

1. Penn-Starr's request for leave to file a sur-reply (Docs. 42, 43) is GRANTED;
2. Within two (2) days of entry of this order, Penn-Star shall file the proposed sur-reply (Doc. 42, Ex. 1) as a stand-alone entry on the docket, including as an attachment thereto the declaration of Daniel Katibah with accompanying exhibits (Doc. 43);

///

///

///

3. Due to the unavailability of counsel for Plaintiff between August 4 to August 13, 2025, as represented by counsel for Penn-Star upon transmittal of the request to the Court as well as in the parties' prior stipulation (Doc. 36 at 3), Plaintiff may file any sur-reply opposition no later than August 25, 2025; and

4. In light of the briefing authorized herein, the hearing noticed on Penn-Starr's motion to remand for August 18, 2025, is HEREBY VACATED, to be reset by the presiding district judge as necessary.

IT IS SO ORDERED.

Dated: **August 6, 2025**

_____
UNITED STATES MAGISTRATE JUDGE