UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NATIONWIDE AGRIBUSINESS
INSURANCE COMPANY,

          Plaintiff,

        v.

PENN-STAR INSURANCE COMPANY,
*et al.*,

          Defendants.

Case No. 1:23-cv-01528-JLT-CDB

ORDER RE REQUEST FOR RESOLUTION
OF DISCOVERY DISPUTE

(Doc. 54)

<u>14-Day Deadline</u>

Pending before the Court is the joint request of two of the parties to this action, Plaintiff Nationwide Agribusiness Insurance Company ("Nationwide") and Defendant Penn-Star Insurance Company ("Penn-Star"), to resolve discovery disputes they have agreed to submit to the Court for adjudication through its informal discovery dispute procedures.  (Doc. 54).[1]

**Background**

This is an insurance coverage dispute brought by one liability insurer (Plaintiff Nationwide) against another liability insurer (Defendant Penn-Star) that it alleges was obligated to defend and indemnify an insured (Defendant Grimmway) in an underlying state court action

---

[1] Defendant Grimmway Enterprises, Inc. ("Grimmway") did not sign the parties' joint informal discovery dispute letter brief and does not appear to take any position or indicate it holds a stake in the Court's resolution of the discovery disputes.  Counsel for Grimmway appeared belatedly at the discovery dispute conference but did not participate in the parties' arguments.

involving a motor vehicle accident. According to Nationwide's allegations, although Penn-Star initially agreed to defend Grimmway in the underlying state court action, Penn-Star ultimately withdrew its defense on the grounds that coverage was unavailable under an automobile exclusion in the subject policy. Nationwide subsequently defended Grimmway. Thereafter, Nationwide commenced a declaratory relief action in state court and Penn-Star removed the case to this Court. On Nationwide's motion, the Court remanded the case to state court. Following the taking of discovery in the state court action, Penn-Star again removed the action to this Court. Nationwide moved again to remand the action to state court (Doc. 34); that motion is fully briefed and remains pending disposition by the presiding district judge.

On February 26, 2026, following meet and confer efforts between the parties, counsel for Penn-Star requested to convene for an informal discovery conference to resolve disputes concerning Nationwide's responses and withholding of documents relating to two of Penn-Star's requests for production and two of its interrogatories. The parties thereafter filed a joint letter brief addressing the discovery disputes. (Doc. 54). The Court convened via Zoom for an informal discovery dispute videoconference on March 12, 2026. (Doc. 55). Nationwide appeared through attorney David Borovsky; Penn-Star appeared through attorney Daniel Katibah; Grimmway, though not directly involved in the discovery dispute, appeared through attorney Randall Stanton. At the beginning of the conference, the parties agreed to the Court's resolution of the identified discovery disputes outside the Local Rule 251 parameters governing motions to compel and agreed to abide by an anticipated order of the Court resolving the disputes to the exclusion of seeking relief through either a motion to compel or for protective order, reserving only the parties' rights to seek review of the undersigned's order by the assigned district judge pursuant to Fed. R. Civ. P. 72(a).

### **Governing Legal Standard**

Rule 26 of the Federal Rules of Civil Procedure provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. *See, e.g., Ford v. Unknown*, No. 2:21-cv-00088-DMG-MAR, 2023 WL 6194282, at *1 (C.D. Cal. Aug. 24, 2023). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Although relevance is broadly defined, it does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978).

Relevant here, in responding to a party's request for production of documents, the producing party "is obliged to produce all specified relevant and nonprivileged documents or other things which are in its 'possession, custody or control' on the date specified in the request." *Jadwin v. Cnty. Of Kern*, No. 1:07-cv-0026-OWW-TAG, 2008 WL 2025093, at *1 (E.D. Cal. May 9, 2008) (quoting Fed. R. Civ. P. 34(a)).

Also relevant here, a party responding to an interrogatory is obligated to respond to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). "A party answering interrogatories has an affirmative duty to furnish any and all information available to the party." *Franklin v. Smalls*, No. 09cv1067 MMA(RBB), 2012 WL 5077630, at *6 (S.D. Cal. Oct. 18, 2012) (quoting 7 James Wm. Moore et al., Moore's Federal Practice § 33.102[1], at 33–72 (3rd ed. 2012)). "Generally, the responding party does not need to conduct extensive research in answering the interrogatory, but a reasonable effort to respond must be made." *Ramirez v. Kitt*, No. 1:17-cv-00947-BAM (PC), 2024 WL 247243, at *2 (E.D. Cal. Jan. 23, 2024) (citation omitted).

**Discussion**

**A. Requests for Production No. 39 and No. 40**

Penn-Star propounded upon Nationwide two requests for production of documents ("RPD") that seek Nationwide's "claim notes/claim diary" entries for (1) the underlying state court action, and (2) this action.

///

*1. Underlying state court action*

Nationwide asserted numerous objections to Penn-Star's discovery demand for its claim notes/claim diary entries relating to the underlying state court action, including relevance and proportionality, overbreadth, statutory insurance code privilege, and mediation privilege; however, Nationwide did not brief or address during the informal discovery dispute conference any of these largely boilerplate objections.  Accordingly, the Court disregards them and addresses herein the only two objections raised that were adequately briefed and agued to the Court: attorney-client privilege and work product privilege.  *See Franklin v. Smalls*, No. 3:09-cv1067-MMA-RBB, 2012 WL 5077630, at *6 (S.D. Cal. Oct. 18, 2012).

In response to RPD No. 39, Nationwide identified responsive documents in a privilege log and withheld production of all responsive documents.  In defense of its withholding, it argues that log notes reflecting communications between Nationwide and either Grimmway or its coverage counsel are privileged as attorney-client communications.  It separately argues that its internal review and assessment of the underlying state court case, evidence, or information provided to it by either Grimmway or its coverage counsel, likewise is privileged.  For these propositions, Nationwide relies largely on courts' recognition of a "tripartite" attorney-client relationship that arises under certain circumstances among an insurer, its insured and coverage counsel.  *See* (Doc. 54 at 10) (citing *Bank of America, N.A. v. Super. Ct.*, 212 Cal. App. 4th 1076 (2013)).

In *Bank of America*, the court of appeal held that, where an insurer retains counsel to defend its insured, confidential communications between either the insurer or the insured and counsel are protected by the attorney-client privilege, and that counsel's work product does not lose its protection when it is transmitted to the insurer.  Specifically, the court held that confidential communications between (1) an insured and coverage counsel, (2) an insurer and coverage counsel, or (3) between and among lawyers and staff of coverage counsel, are privileged.  *Id*. at 1100.  The court also found materials that include an attorney's analysis and legal assessment are separately privileged as attorney work product.  *Id*. at 1100-01.

Nationwide inaptly invokes *Bank of America* for the proposition that Nationwide's communications with its insured (Grimmway) are per se privileged based on the tripartite

relationship they hold with coverage counsel.  But the *Bank of America* court did not so hold. Nationwide's otherwise nonprivileged communications with Grimmway do not necessarily attain privileged status merely because coverage counsel is retained in the matter.  Conceivably, some such communications might be privileged – such as those in which Nationwide and Grimmway discuss the substance of a communication to or from coverage counsel or otherwise memorialize the substance of a protected communication.  *E.g., Allstate Ins. Co. v. Madan*, No. CV 94-4414-JDG(AJWX), 1995 WL 313729, at *1 (C.D. Cal. Feb. 15, 1995) (noting that an insurance claim diary entry that recapitulates the substance of an attorney's protected communication, even though not itself an attorney-client communication, is privileged).  Even so, such communications may be excepted from the privilege where the "dominant purpose" of the attorney's involvement in the insurance dispute is something besides rendering legal advice, such as, for instance, providing claims adjustment services.  *See Kumar v. Nationwide Mutual Ins. Co*., No. 22-cv-03852-TLT (LJC), 2023 WL 3598478, at *4 (N.D. Cal. May 23, 2023) (citations omitted).

Concerning work product privilege, Nationwide similarly attempts to stretch the *Bank of America* holding too far in arguing that its "internal review and assessment of the case, evidence, or information provided" to it by Grimmway is protected.  (Doc. 54 at 10).  There is no such holding in *Bank of America*.  As with attorney-client privilege, while the existence of a tripartite attorney-client relationship extends the applicability of privilege to a larger audience of privilege holders, it does not expand the underlying protection.  Thus, material only becomes eligible for protection as attorney work product if it was created in anticipation of litigation, and in the context of insurance coverage disputes, "[d]ocuments prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation are not protectable as work product." *Umpqua Bank v. First Am. Title Ins. Co*., No. CIV S–09–3208 WBS EFB, 2011 WL 997212, at *4 (E.D. Cal. Mar. 17, 2011) (citing cases).  Accord, *Ivy Hotel San Diego, LLC v. Houston Cas. Co*., No. 10cv2183–L (BGS), 2011 WL 4914941, at *6 (S.D. Cal. Oct. 17, 2011) ("An insurer's claims files are presumptively not work product until a final decision is reached on an insured's claim.") (citation omitted).

///

*2. The Present Action*

Similar to its largely categorical assertions of attorney-client communication and work product privilege as grounds for withholding claim file notes and logs relating to the underlying state court action, in response to RPD No. 40, Nationwide asserted the same objections and withheld from production *in toto* its claim log notes for this lawsuit.

As a general matter, claim diary entries created following an insurance provider's commencement of a declaratory relief action may be protected from disclosure under the work product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). *Madan*, 1995 WL 313729, at *2; *see Kumar*, 2023 WL 3598478, at *9 (noting work product created following commencement of an action is presumptively privileged). Such entries made "in anticipation of litigation" are privileged and may be withheld unless the requesting party shows a "substantial need" for the materials and "is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *Madan*, 1995 WL 313729, at *2 (quoting Fed. R. Civ. P. 26(b)(3)).

*3. Relief – Production of Redacted Documents and Updated Privilege Log*

Having clarified above the governing legal standards, the Court will direct Nationwide to supplement its production of documents responsive to Penn-Star's RPD No. 39 and No. 40 and serve an updated privilege log.

First, as summarized above, under an expansive interpretation of its purported tripartite attorney-client relationship, Nationwide improperly has taken the position that all of its claim file notes and logs relating to the underlying state court action necessarily are privileged from disclosure. Second, its privilege log identifying withheld documents from the underlying state court action includes approximately five pages of entries dated before the underlying state court action commenced (*see* Doc. 54-3, Ex. C, "Privilege Log," at ECF pp. 4-16), casting in doubt Nationwide's correct application of the principle that documents prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of anticipated litigation are not protectable as work product. *See Umpqua Bank*, 2011 WL 997212, at *4. Finally, even as to documents properly withheld as privileged, it is difficult to accept that the entire universe of these documents contains exclusively privileged material and no unprivileged

information that should be produced in a redacted version of the document.

Separately, Nationwide's privilege log largely does not include sufficient information to permit either Penn-Star or the Court to assess the propriety of its privilege claims. For instance, while some privilege log entries identifying documents withheld on the basis of attorney-client communication privilege name the attorney involved (*see* Privilege Log. at ECF pp. 16-17), most do not. During the discovery dispute conference, counsel for Plaintiff did not oppose updating Plaintiff's privilege log in this regard: identifying parties to/author of any document withheld as privileged in a manner that clarifies how the document qualifies as either attorney-client communication or work product. *See Kumar*, 2023 WL 3598478, at *8 ("Nationwide must identify the attorney(s) involved in the claim diary and other privilege log entries documenting legal advice or work product where no attorney has been named as having provided that advice, so as to allow Plaintiffs to properly assess Nationwide's privilege claims."); *Martinez v. City of Fresno*, No. CV F 06-0233 OWW LJO, 2006 WL 3762050, at *6 (E.D. Cal. Dec. 20, 2006) (citing *United States v. Construction Products Research, Inc.*, 73 F.3d 464, 473 (2nd Cir.), *cert. denied*, 519 U.S. 927 (1996)). Accord "What Constitutes an 'Adequate Privilege Log' under Rule 26(b)(5)," 51 A.L.R. Fed. 3d Art. 2 (2020) (citing Haydock and Herr, Discovery Practice (Aspen Publishers 2009) & *Sky Angel U.S., LLC v. Discovery Comms.*, LLC, 28 F. Supp. 3d 465 (D. Md. 2014), *aff'd on other grounds*, 885 F.3d 271 (4th Cir. 2018)).

**B. Interrogatories**

For the reasons set forth and preserved on the record during the informal discovery dispute conference and having further balanced the equities of relevance, proportionality, and relative burdens on the parties, the Court will overrule Penn-Star's objection to Nationwide's response to interrogatory No. 6 and sustain in part Penn-Star's objection to Nationwide's response to interrogatory No. 17. The Court will direct Nationwide to supplement its response to Penn-Star's interrogatory No. 17 by identifying all lawsuits filed in the State of California since March 1, 2021, in which Nationwide has (1) sued an insured for relief of any kind and (2) offered to reimburse that defendant insured for its legal fees and costs incurred in the suit.

///

**<u>Conclusion and Order</u>**

For the reasons set forth herein and preserved on the record of the informal discovery dispute conference, it is HEREBY ORDERED that, within 14 days of entry of this order, Plaintiff Nationwide shall:

1. Serve supplemental responses to and documents (whether redacted or otherwise) responsive to Defendant Penn-Star's RPD No. 39 and No. 40, consistent with this order;

2. Serve an amended privilege log, consistent with this order; and

3. Serve a supplemental response to Defendant Penn-Star's interrogatory No. 17, consistent with this order.

IT IS SO ORDERED.

Dated:   **March 20, 2026**   _____

UNITED STATES MAGISTRATE JUDGE